**SO ORDERED.**

**DONE and SIGNED August 2, 2023.**



_____
**JOHN S. HODGE**
**UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 19-10377 |
| | § | |
| Yashika K. Jefferson | § | |
| **Debtor** | § | Chapter 13 |
| | § | |
| _____ | § | |
| Yashika K. Jefferson | § | |
| **Plaintiff** | § | |
| | § | Adversary Proceeding |
| vs. | § | Case No. 23-01002 |
| | § | |
| Ronnie Nicholson | § | |
| **Defendant** | § | |

**Memorandum Ruling**

Before the court is a motion to dismiss filed by a *pro se* creditor/defendant. The motion seeks to dismiss the main bankruptcy case and a complaint filed in an adversary proceeding. For the reasons set forth below, the motion is denied.

**Background**

On March 15, 2019, Yashika K. Jefferson ("**Debtor**") filed a voluntary

petition for relief under chapter 13 of the Bankruptcy Code. Later, she filed an adversary complaint against one of her creditors, Ronnie Nicholson d/b/a TKR Cash Cars. This court entered an order in the adversary proceeding compelling Mr. Nicholson to turn over certain casualty insurance proceeds that he received for damage to an estate vehicle. That order was appealed by Mr. Nicholson to the District Court.

After he filed a Notice of Appeal, Mr. Nicholson filed a "Motion to Dismiss Bankruptcy Case 19-10377 and Adversary 23-01002 on Grounds of FRCP 12(b)(5) Insufficient Service of Process." Variations of the motion were filed in three cases: 1) the main bankruptcy case, Case No. 19BK-10377, docket no. 112; 2) the adversary proceeding, Case No. 23AP-01002, docket no. 39; and 3) the appeal pending in District Court, Case No. 23CV-553, docket no. 8.

The District Court (Joseph, J.) remanded the motion to this court for adjudication. See, BK docket no. 114, AP docket no. 41.

## Conclusions of Law and Analysis

Motions to dismiss bankruptcy cases and motions to dismiss adversary complaints are governed by different standards.

### A. Dismissal of Bankruptcy Case

An involuntary dismissal of a chapter 13 bankruptcy case is governed by 11 U.S.C. § 1307. As relevant here, that section provides that a bankruptcy court may dismiss a chapter 13 case on request of a party in interest "for cause." § 1307(c). The statute lists eleven non-exclusive grounds constituting "cause." § 1307(c)(1)-(11).

Mr. Nicholson did not plead or prove any ground constituting "cause" within the meaning of § 1307(c). In contested matters, such as the one currently before the court, relief must be sought by motion. Fed. R. Bankr. P. Rules 1017(f)(1) and 9014(a). Bankruptcy Rule 9013 requires this motion to state both the relief sought and the grounds therefor "with particularity." Fed. R. Bankr. P. Rule 9013. *See also IRS v. Taylor*, 132 F.3d 256, 262 (5th Cir. 1998) (reiterating this requirement). Conclusory allegations will not suffice; instead, the underlying facts that justify the conclusion must be pleaded. *See, Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The motion to dismiss the bankruptcy case is denied for failure to plead or prove a plausible claim for relief under § 1307(c).

### B. Dismissal of Adversary Proceeding

A motion to dismiss an adversary complaint is governed by Rule 7012 of the Federal Rules of Bankruptcy Procedure. "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. Rule 7012(b).

Mr. Nicholson seeks dismissal of the adversary complaint pursuant to Rule 12(b)(5) which permits a party to assert as a defense insufficient service of process. Rule 12, however, requires that such defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Here, Mr. Nicholson filed an Answer (AP docket no. 10) and a motion to dismiss (AP docket no. 12) before he filed a motion seeking relief under Rule

12(b)(5). Accordingly, the motion is not timely.

### C. Appeal

The bulk of Mr. Nicholson's motion expresses grievances about the bankruptcy court's order compelling him to turn over the casualty insurance proceeds to the bankruptcy trustee. A notice of appeal of that order was filed by Mr. Nicholson. All issues related to the appeal should addressed in the appellate brief(s) filed in the District Court. This court does not have jurisdiction to consider such matters.

## Conclusion

For the reasons stated, all relief requested in the motion is denied. The court will enter a separate order in accordance with this ruling.

###